IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**KENNETH RAY PITTS**                                                                                           **PLAINTIFF**
**ADC #085938**

v.                                    Case No: 2:25-cv-00016-LPR

**DEXTER PAYNE,**
**Director, ADC**                                                                                                **DEFENDANT**

## ORDER

Plaintiff Kenneth Ray Pitts, in custody at the East Arkansas Regional Unit of the Arkansas Division of Correction, filed a *pro se* complaint on January 24, 2025.[1] Mr. Pitts did not pay the $405 filing fee or seek to proceed with his case *in forma pauperis*. The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2] Prior to filing this lawsuit on January 24, 2025, Mr. Pitts filed at least three actions that were dismissed for failing to state a claim upon which relief may be granted.[3]

A plaintiff with "three strikes" may proceed *in forma pauperis* only if he falls under the "imminent danger" exception to the three strikes rule.[4] For Mr. Pitts to be able to proceed *in forma*

---

[1] Compl. (Doc. 1).

[2] 28 U.S.C. § 1915(g).

[3] *See Pitts v. Moore, et al.*, No. 4:06-cv-01305-JLH (E.D. Ark. filed Sep. 21, 2006); *Pitts v. Johnson, et al.*, No. 5:99-cv-00071-JMM (E.D. Ark. filed Feb. 9, 1999); *Pitts v. Brownlee, et al.*, No. 5:99-cv-00178-HW (E.D. Ark. filed Apr. 30, 1999).

[4] *See* 28 U.S.C. § 1915(g) (providing that three-strikers should be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the exception applies only if the prisoner is in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient").

*pauperis* in this case, he must establish that he was in imminent danger of serious physical injury at the time he filed his Complaint.[5] Mr. Pitts's pleadings do not indicate he was in imminent danger at the East Arkansas Regional Unit at the time he filed his Complaint. Accordingly, the imminent danger exception does not apply. This case will therefore be dismissed due to Mr. Pitts's failure to pay the filing fee. Mr. Pitts will have thirty (30) days to reopen this case by paying the $405 filing fee in full.

IT IS THEREFORE ORDERED that:

1. Mr. Pitts's Complaint (Doc. 1) is DISMISSED without prejudice.

2. Mr. Pitts has thirty (30) days from the date of this order in which to reopen this case by paying the $405 filing fee in full.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 10th day of February 2025.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] *See Ashley*, 147 F.3d at 717.